```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X     For Online Publication Only
JASOON LEE, SOOK HEE KIM, individually and on
behalf of others similarly situated,
                                                                              **ORDER**
                                                   Plaintiffs,                15-CV-2064 (JMA) (AYS)

                        -against-                                                    **FILED
                                                                                     CLERK**

75 OSCAR NAILS AND SPA, CORP, d/b/a OSCAR                                     9/26/2018 3:01 pm
NAILS, COVERT NAILS, INC. d/b/a COVERT NAILS,
HAESUN SUH, ILTAK SUH, YONGKI "PAUL" KIM                                      **U.S. DISTRICT COURT
AND CHONGKYUNG KIM, JOHN DOE AND JANE                                         EASTERN DISTRICT OF NEW YORK
DOE                                                                           LONG ISLAND OFFICE**


                                                   Defendants.
------------------------------------------------------------------------X
```

**AZRACK, United States District Judge:**

Before the Court is a motion for default judgment filed by Jason Lee and Sook Hee Kim ("Plaintiffs") against defendants 75 Oscar Nails and Spa, Corp., d/b/a Oscar Nails, 51 Covert Nails, Inc. d/b/a Covert Nails, and Chongkyung Kim, Il Taik Suhr and Haesun Suhr, (collectively "Defendants") for unpaid wages, liquidated damages and attorney's fees under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, ("FLSA") and the New York Labor Law ("NYLL"). For the reasons stated herein, Plaintiffs' motion is GRANTED and Plaintiffs are awarded a default judgment against Defendants in the amount of $126,178.61.

## I. DISCUSSION

### A. Defendants Defaulted

Plaintiffs commenced this action by filing a complaint on April 13, 2015. (ECF No. 1.) On March 29, 2016, counsel for Defendants filed an answer. (ECF No. 12.) On June 20, 2016, Magistrate Judge Shields referred this case to mediation, which was unsuccessful. On June 9, 2017, Defendants' counsel filed a motion to withdraw. (ECF No. 22.) On June 22, 2017, Magistrate Judge Shields granted the motion to withdraw and ordered the corporate defendants to

obtain new counsel within 30 days from the date of that Order. (ECF No. 25.) Magistrate Judge Shields also warned the corporate defendants that failure to obtain new counsel within the 30-day period would put them at risk of a default judgment being entered against them. (Id.) Magistrate Judge Shields also directed the individual defendants to file a letter with the Court stating whether they planned to represent themselves pro se or whether they have obtained new counsel by July 23, 2017. (Id.) On July 20, 2017, Il Taik Suhr and Haesun Suhr notified the Court via letter that they planned to proceed pro se. (ECF No. 27.) Neither the corporate defendants nor defendant Kim ever filed responses to Judge Shields' June 22, 2017 order.

On July 26, 2017, Magistrate Judge Shields issued an Order again directing the corporate defendants to obtain counsel. Magistrate Judge Shields ordered the corporate defendants to obtain counsel by August 25, 2017 and to submit a letter to the Court by September 1, 2017, confirming that they were represented. Magistrate Judge Shields also warned the corporate defendants that failure to comply with that order may result in her recommendation to the undersigned that default judgment be entered against them.

On November 8, 2017, Magistrate Judge Shields held a conference at which none of the Defendants appeared. Magistrate Judge Shields scheduled a telephone conference for November 22, 2017, directed the individual defendants to appear by telephone, and directed the corporate defendants to obtain counsel prior to the conference and to have their counsel appear by telephone on that date. (ECF No. 33.) Magistrate Judge Shields warned all Defendants that failure to comply with that order may result in her recommendation to the undersigned that default judgment be entered against them. (Id.)

On November 22, 2017, Magistrate Judge Shields held a conference at which none of the Defendants appeared. Magistrate Judge Shields scheduled an in-person status conference for December 11, 2017, directed the individual defendants to appear, and directed the corporate

2

defendants to obtain counsel prior to the conference and to have their counsel appear on their behalf. (ECF No. 36.) Magistrate Judge Shields warned all Defendants that failure to comply with that order may result in her recommendation to the undersigned that default judgment be entered against them. (Id.)

On December 11, 2017, Magistrate Judge Shields held a conference at which none of the Defendants appeared. Magistrate Judge Shields directed Plaintiffs to either move for a default judgment or to discontinue this case by January 11, 2018. (ECF No. 38.)

On January 11, 2018, Plaintiffs moved for a default judgment.

Defendants, who have not responded to the motion for default judgment, defaulted by failing to appear or defend this action after numerous warnings from Magistrate Judge Shields.

**B. Liability**

When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id. Here, the allegations in the complaint are sufficient to establish defendant's liability under the FLSA the NYLL.

**C. Damages**

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an

inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). The Court may determine that there is a sufficient evidentiary basis for the damages sought by Plaintiffs by reviewing affidavits and other documentary evidence. See Cement & Concrete Workers Dist. Council Welfare Fund, v. Metro Found. Contractors Inc., 699 F.3d 230, 234 (2d Cir. 2012).

Plaintiffs request damages in the amount of $87,546.63 for unpaid wages, liquidated damages, and prejudgment interest as well as statutory penalties for notice of pay violations pursuant to NYLL § 198(1-d) and for wage statement violations pursuant to NYLL § 198(1-b). Plaintiffs have submitted answers to the Court's Interrogatories, (see Decl. of Diane H. Lee in Support of Plaintiffs' Mot. for Default Judgment ("Lee Decl."), Ex. M, ECF No. 40), as well as a chart setting forth Plaintiffs' damages, which was created using information from documents produced by Defendants, (Lee Decl. ¶¶ 26-27 & Ex. N).

The Court finds that Plaintiffs' submissions, including the Declaration of Diane H. Lee in Support of Plaintiffs' Request for Default Judgment and the accompanying exhibits to that declaration, establish damages of $63,660.53 to a reasonable degree of certainty. Plaintiff Jasoon Lee has established unpaid wages in the amount of $17,467.14, liquidated damages in the amount of $12,785.00[1], and statutory penalties for notice of pay violations in the amount of $5,000. Thus, exclusive of prejudgment interest, Plaintiff Jasoon Lee is awarded $35,252.14 in total damages. Plaintiff Sook Hee Kim has established unpaid wages in the amount of $13,804.44, liquidated damages in the amount of $9,603.95, and statutory penalties for notice of pay violations in the

---

[1] Plaintiffs calculated liquidated damages at a rate of one hundred percent (100%) for all of their claims despite the fact that for claims prior to April 9, 2011, the rate for determining NYLL liquidated damages is twenty-five percent (25%). The Court has recalculated each plaintiff's liquidated damages at the appropriate rate, depending on when the claim accrued.

amount of $5,000. Thus, exclusive of prejudgment interest, Plaintiff Sook Hee Kim is awarded $28,408.39 in total damages.

Although Plaintiffs also seek statutory penalties in the amount of $5,000 each for wage statement violations, Plaintiffs failed to plead that cause of action in their complaint and there are no facts alleged in Plaintiffs' interrogatories supporting such a claim. Accordingly, Plaintiffs' request is denied.

Plaintiffs also seek prejudgment interest on their NYLL claims for unpaid wages. Plaintiffs are entitled to recover prejudgment interest at a rate of nine percent (9 %) per year on their unpaid wages. See NYLL § 198(1-a); N.Y. C.P.L.R. §§ 5001, 5004. Where Plaintiffs' "damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." N.Y. C.P.L.R. § 5001(b). The Court selects October 3, 2011, the midpoint between the dates of Plaintiffs' claims, as the date from which pre-judgment interest shall be awarded. Accordingly, Plaintiffs are entitled to nine percent annual interest on their unpaid wages damages from October 3, 2011, until the date judgment is entered. Plaintiff Lee is entitled to interest in the amount of $10,994.81 and Plaintiff Kim is entitled to interest in the amount of $8,683.18.

### D. **Attorney's Fees and Costs**

In their motion, Plaintiffs request attorneys' fees in the amount of $38,616.62 and court fees in the amount of $4,223.40. (See Lee Decl. ¶¶ 30-31.) Under both the FLSA and the NYLL, a prevailing plaintiff is entitled to recover reasonable attorney's fees and costs. 29 U.S.C. § 216(b); NYLL § 198. Tackie v. Keff Enterprises LLC, No. 14-CV-2074, 2014 WL 4626229, at *6 (S.D.N.Y. Sept. 16, 2014). A plaintiff seeking to recover attorney's fees "bears the burden of proving the reasonableness and necessity of hours spent and rates charged." Bennett v. Asset Recovery Sols., LLC, No. 14-CV-4433, 2017 WL 432892, at *6 (E.D.N.Y. Jan. 5, 2017) (report

5

and recommendation), adopted by, No. 14-CV-4433, 2017 WL 421920 (E.D.N.Y. Jan. 31, 2017). In support of a request for attorney's fees, the party seeking fees must provide "contemporaneous time records reflecting, for each attorney and legal assistant, the date, the hours expended, and the nature of the work done." Sheet Metal Workers' Nat. Pension Fund v. Skye Sheet Metal, Inc., No. CV-08-1315, 2010 WL 3119783, at *9 (E.D.N.Y. June 22, 2010) (report and recommendation) (citation omitted), adopted by, No. 08-CV-1315, 2010 WL 3119441 (E.D.N.Y. Aug. 5, 2010).

Plaintiffs' counsel, Diane H. Lee requests a rate of $350 per hour. In her declaration she states that she is the principal of her firm has been in practice since 1992. (Lee Decl. ¶ 31.) "Courts in the Eastern District of New York award hourly rates ranging from $200 to $450 per hour for partners, $100 to $300 per hour for associates, and $70 to $100 per hour for paralegals." Dagostino v. Computer Credit, Inc., 238 F. Supp. 3d 404, 412 (E.D.N.Y. 2017) (quoting D'Annunzio v. Ayken, Inc., No. 11-CV-3303, 2015 WL 5308094, at *4 (E.D.N.Y. Sept. 10, 2015)). Ms. Lee is the sole practitioner at her firm and has extensive experience in wage and hour cases. I find that the rate requested by Ms. Lee is reasonable as is the number of hours she spent litigating this case.

Having reviewed Plaintiffs' bill for costs associated with this litigation as well as the Lee Declaration, the Court determines these to be reasonable out-of-pocket expenses. See LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998) ("[A]ttorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.") (citation omitted).

Accordingly, Plaintiffs are awarded attorneys' fees in the amount of $38,616.62 and $4,223.47 in costs.

## II. CONCLUSION

The Clerk of the Court is respectfully directed to enter judgment against Defendants and in favor of Plaintiffs as follows: Jasoon Lee is awarded $46,246.95 in damages and pre-judgment interest and Sook Hee Kim is awarded $37,091.57 in damages and pre-judgment interest. Additionally, both Plaintiffs are awarded $42,840.09 in attorney's fees and costs.

The Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated:  September 26, 2018
Central Islip, New York

                                                          /s/  (JMA)
                                          JOAN M. AZRACK
                                          UNITED STATES DISTRICT JUDGE